UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEANPAUL REYES : | |
| *Plaintiff*, : | |
| : | Civil Action No: 3:24-cv-1174-MPS |
| v. : | |
| : | |
| CHARLES LAVOIE, ET AL., : | |
| *Defendants*. : | Oct. 7, 2024 |

### MEMORANDUM OF LAW IN OPPOSITION
### TO MOTION TO DISMISS [ECF NO. 15]

#### I. INTRODUCTION

The Defendants' partial motion to dismiss, aimed at the Plaintiff's First Amendment claims, is premature. It defines the right at question too narrowly. It fails to confine itself to the allegations of the complaint. It ignores the emerging consensus among courts of the right to record government officials. The Plaintiff adequately alleges at this stage that this right was violated by the Defendants. Accordingly, the motion to dismiss should be denied.

#### II. LEGAL STANDARD

On a Rule 12(b)(6) motion, the Court is required "to accept as true the facts alleged in the complaint, consider those facts in the light most favorable to the plaintiff, and determine whether the complaint sets forth a plausible claim for relief." *Galper v. JP Morgan Chase Bank, N.A.*, 802 F.3d 437, 443 (2d Cir. 2015). On a motion to dismiss, a "plaintiff is entitled to all reasonable inferences from the facts alleged, not only those that support his claim, but also those that defeat the immunity defense." *McKenna v. Wright*, 386 F.3d 432, 436 (2d Cir. 2004); *McGinty v. State of New York*, 193 F.3d 64, 68 (2d Cir. 1999).

"Once the District Court was presented with matters outside the pleadings, Rule 12(b) afforded two options. The court could have excluded the extrinsic documents. Because it elected

not to do so, however, the court was obligated to convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Chambers v. Time Warner*, 282 F.3d 147, 154 (2d Cir. 2002).

"The immunity question cannot be resolved before the earliest possible stage, i.e., prior to ascertainment of the truth of the plausible factual allegations on which a finding of qualified immunity is premised." *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 110 (2d Cir. 2020) (internal quotation marks and citation omitted). Where a defendant chooses to press the immunity question at the pleadings stage, "the facts supporting the defense must appear on the face of the complaint, or in its attachments and documents incorporated by reference." *Sabir v. Williams*, 52 F.4th 51, 63–64 (2d Cir. 2022) (internal citations and punctuation omitted), *cert. dismissed*, 143 S. Ct. 2694, 216 L. Ed. 2d 1284 (2023). "[A] qualified immunity defense can be presented in a Rule 12(b)(6) motion, but . . . the defense faces a formidable hurdle when advanced on such a motion and is usually not successful." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 191-92 (2d Cir. 2006). "Not only must the facts supporting the defense appear on the face of the complaint, but ... the motion may be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *McKenna*, 386 F.3d at 436.

### III. F<small>ACTUAL</small> A<small>LLEGATIONS</small>

Reyes is an independent journalist and "First Amendment auditor" who focuses on matters of public interest and government transparency. Compl. ¶¶11-12. On July 23, 2021, Reyes went to Bradley International Airport and began video recording in and around the TSA security checkpoint. *Id*. ¶¶16-17. After being questioned by TSA agents who asked him to stop filming, Trooper Lavoie approached Reyes and demanded his identification. *Id*. ¶¶21-32. When

Reyes declined, citing his rights, Lavoie handcuffed Reyes and took his phone, stopping the recording. *Id*. ¶¶36-37.

Later that day, Reyes went to Connecticut State Police headquarters to file a complaint against Lavoie. Compl. ¶67. There, Trooper Costello told Reyes he could not film inside the building. *Id*. ¶68. Sgt. Fahey then came to speak with Reyes but refused to talk to him while Reyes was filming. *Id*. ¶¶72-73. As Reyes continued filming, Fahey grabbed Reyes' phone, pushed Reyes, and had him escorted away from the building. *Id*. ¶¶82-88.

On June 16, 2023, Reyes returned to headquarters to request Fahey's records. Compl. ¶¶89-90. Fahey physically blocked Reyes from entering the public lobby and took Reyes' phone to stop him from recording. *Id*. ¶¶93-95.

### IV. ARGUMENT

**1. <u>Reyes Alleges Plausible First Amendment Violations</u>**

The First Amendment protects the right to gather information about government officials in public places, including by audio and video recording. *See Glik v. Cunniffe*, 655 F.3d 78, 82 (1st Cir. 2011); *Fields v. City of Philadelphia*, 862 F.3d 353, 359 (3d Cir. 2017); *Turner v. Lieutenant Driver*, 848 F.3d 678, 688 (5th Cir. 2017); *ACLU v. Alvarez*, 679 F.3d 583, 595 (7th Cir. 2012); *Fordyce v. City of Seattle*, 55 F.3d 436, 439 (9th Cir. 1995); *Smith v. City of Cumming*, 212 F.3d 1332, 1333 (11th Cir. 2000). This right serves the cardinal First Amendment interest in protecting free discussion of government affairs. *Glik*, 655 F.3d at 82.

Here, the complaint alleges plausible violations of Reyes' clearly established right to record. On two occasions, the defendants prevented Reyes from filming their conduct as public officials in public spaces - the airport and the DESPP lobby. Compl. ¶¶37, 83, 95. These are publicly accessible areas where the public frequently interacts with government actors performing official duties, as the Complaint specifically alleges. As such, Reyes had a First

3

Amendment right to record there. The defendants' actions, including physically stopping Reyes from recording, infringed his rights.

The defendants rely heavily on cases distinguishing between different fora, but those are inapposite, as most do not involve recording and none address the specific public spaces at issue here. The forum cases the defendants cite involve <u>speech</u> restrictions in areas like welfare waiting rooms, airport terminals generally, and internal mail systems. *See* MTD at 9-10, 16-17. But Reyes is not challenging a general speech restriction - he is asserting his <u>right to record public officials</u>. *See e.g.*, Reyes v. City of New York, 23-cv-6369-JGLC, ECF No. 104 (Sept. 30, 2024) at 8-12 ("Forum Analysis Does Not Apply"). Reyes was in publicly accessible spaces with government officials (the airport checkpoint line and DESPP lobby) gathering information on official conduct, not trying to speak in a nonpublic government forum.

### 2. The First Amendment Right to Record was Clearly Established

For a constitutional right to be clearly established, there need not be a case directly on point, so long as existing precedent places the lawfulness of the official conduct beyond debate. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Here, multiple Circuit Courts of Appeals have held that the First Amendment protects recording of police officers and government officials in public spaces, creating a robust consensus of persuasive authority clearly establishing the right. *See Glik*, 655 F.3d at 85; *Fields*, 862 F.3d at 360; *Turner*, 848 F.3d at 690; *Alvarez*, 679 F.3d at 600; *Fordyce*, 55 F.3d at 439; *Smith*, 212 F.3d at 1333. Even without a controlling Second Circuit case, this clear weight of authority would have put reasonable officers on notice that preventing Reyes from recording in publicly accessible areas of the airport and DESPP lobby was unconstitutional.

The defendants' cases do not disturb this clearly established right. Many do not involve recording at all. And the few that do arise in different factual contexts. None of these authorities address the specific right Reyes was exercising or the particular public spaces he accessed.

Given this precedent, a reasonable officer would have known that interfering with Reyes' filming in public areas of the airport and DESPP lobby violated his rights. The defendants try to slice the "clearly established" inquiry too finely by demanding prior cases with identical facts. The clear consensus around the right to record government officials in public placed the unconstitutionality of the defendants' conduct here beyond debate, even if no prior case had the precise same facts. The defendants are thus not entitled to qualified immunity at this stage.

### 3. Reyes States Valid First Amendment Retaliation Claims

It is well-established that a government official's retaliation against a private citizen for engaging in constitutionally protected speech is an infringement of the First Amendment right. See *Clark v. Boughton*, No. 3:21-CV-1372 (SRU), 2022 WL 4778582, at *15-*16 (D. Conn. Oct. 3, 2022) (citing *Ying Jing Gan v. City of N.Y.*, 996 F.2d 522, 532 (2d Cir. 1993); *Dobosz v. Walsh*, 892 F.2d 1135, 1141 (2d Cir. 1989) ("[T]he proscription of retaliation for a plaintiff's exercise of First Amendment rights has long been established").

The complaint plausibly alleges that Reyes engaged in protected First Amendment activity by attempting to record the defendants and by requesting public records. Compl. ¶¶ 170-173, 176-178. As established above, the right to record government officials performing their duties in public is clearly protected by the First Amendment. Requesting public records is also a form of constitutionally protected petitioning activity. *McAvey v. Boces*, 805 F. Supp. 2d 30, 39 (S.D.N.Y. 2011) ("McAvey's FOIL request to the Goshen police department constituted citizen speech.").

The complaint further alleges that the defendants took adverse actions against Reyes that were substantially motivated by his protected conduct. Fahey is alleged to have physically accosted Reyes and stopped him from filming in direct response to Reyes recording him at DESPP headquarters. Compl. ¶¶ 173-175. Fahey later denied Reyes access to the DESPP lobby in retaliation for Reyes' prior filming and records requests about Fahey's conduct. *Id*. ¶¶ 179-181. These allegations support a plausible claim of First Amendment retaliation.

Fahey argues that Reyes' recording and records requests do not amount to clearly established First Amendment activity. But as discussed above, the weight of authority holds that the right to record officials in public is clearly established. And while the Second Circuit has not expressly addressed the issue, courts within this Circuit have held that filing complaints and requesting public records can constitute protected petitioning activity. *McAvey, supra.* At the very least, the protected status of Reyes' conduct is not a question that can be resolved against him at this early stage. Accepting the complaint's allegations as true, Reyes has stated valid retaliation claims that should proceed.

## IV. CONCLUSION

The motion to dismiss should be denied.

Respectfully submitted,

THE PLAINTIFF,

**Alexander T. Taubes**
470 James Street
Suite 007
New Haven, Connecticut 06513
Telephone: (203) 909-0048
alextt@gmail.com
Federal Bar No.: ct30100