IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEANPAUL REYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:24-CV-1174-MPS |
| ) | |
| LAVOIE, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

RECEIVED
NOV 04 2024
U.S. DISTRICT COURT
NEW HAVEN, CT

**AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

## I. INDIVIDUALS DO NOT HAVE A RIGHT TO FILM ON GOVERNMENT BUILDING PROPERTY

It is clearly established that individuals do not have a constitutional right to film on government building property, including on airport and police station property. Attached is a short legal memo providing the case-law clearly establishing as much. I authored the memo and it has been well-received by countless government officials and employees, including federal judges presiding over the Plaintiff's previous civil actions.

One of the cases cited in the memo is *Reyes v. City of New York* (2023). The court ruled that government building property is either limited- or non-public, that police station lobbies are no different than any other government building property, that individuals do not have a constitutional right to film on government building property, including in police station lobbies, and that policies prohibiting filming on government building property, including in police station lobbies, are reasonable.

6

In 2021 Reyes announced on his Youtube channel that he received and read a copy of the memo that I sent to him. Reyes denounced the memo, and Reyes continues to frequently denounce the memo.

Reyes doesn't just not have the right to film on government building property, Reyes has known since 2021 that he does not have the right to film on government building property, but continues to do so defiantly to create controversial confrontations with building employees and visitors that he records, before publishing the recordings to his monetized Youtube channel where an audience that enjoys that kind of content encourages Reyes to continue creating and recording confrontations, and publishing the recordings, for the audience's viewing pleasure.

## II. TRESPASSING, DISORDERLY CONDUCT, AND HARASSMENT

Assuming *arguendo* that individuals have implied consent to enter onto government building property, including police station property, to conduct business with the property's administration, the property's administration may imply that consent has been revoked. See General Statutes of Connecticut Sec. 53a-107 - 110a (trespassing). *See also Klein v. Quinnipiac University*, 219 A. 3d 911 - Conn: Appellate Court 2019.

Reyes alleges in his complaint that he stated to Fahey that he needed help reporting a civil-rights violation. Reyes admits that Fahey responded, "Contact internal affairs department online or there is a phone number to call," and "I can't help you with your complaint today. You have your outlet. You can call IA. I can get you the number or you could go online," and "Internal affairs division is not here," and "you have your outlet," and "You can call IA or you can go there and speak to them if they have time to speak to you. We've given you several outlets." Fahey's responses, specifically the language "*go* online" and "*go* there and speak to

7

them," were commands to Reyes to go, and implied that Fahey was revoking any implied consent.

At this point, Reyes did not have business to conduct on the police station property, especially considering that Reyes alleges that Fahey and the property facilitated, specifically, firearms licensing.[4] The case-law cited in the attached memo clearly establishes that if individuals are not present on government building property to conduct the *business of the government administration*, not the business that individuals *want* the government administration to conduct, then individuals are engaging in trespassing, disorderly conduct, and harassment.

Submitted,

Marc Joseph Stout
30 Willow Branch Place
Fredericksburg, VA 22405
Email: stoutstoutstoutproselitigation@gmail.com
Phone: (540) 370-6980

Date: 10/31/2024

---

[4] Reyes has been convicted of a serious violent felony and his firearms rights will never be restored. Reyes should not be, and should not want to be, anywhere around firearms-related business.

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I emailed a copy of this document to:

Samantha C. Wong
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Federal Bar #ct30974
E-Mail: samantha.wong@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591
*Counsel for Defendants*

Alexander T. Taubes
470 James Street
Suite 007
New Haven, CT 06513
(203) 909-0048
alextt@gmail.com
Juris No.: 437388
*Counsel for Plaintiff*

Submitted,

Marc Joseph Stout
30 Willow Branch Place
Fredericksburg, VA 22405
Email: stoutstoutstoutproselitigation@gmail.com
Phone: (540) 370-6980

Date: 10/31/2024

9