# MEMORANDUM:

## INDIVIDUALS DO NOT HAVE A RIGHT TO FILM FROM GOVERNMENT BUILDING PROPERTY

There is no such thing as "public." The courts have clearly established four "publics" - traditional public, designated public, limited public, and nonpublic. (The term "public" is short for, and interchangeable with, the term "traditional public"). The courts have clearly established, unequivocally and without exception, that the entirety of government building property is either a limited public forum or a nonpublic forum, that individuals do not have a right to film from limited or nonpublic forums, but only from traditional public forums (streets, sidewalks, plazas, and parks), and from designated public forums (government property that the government has *expressly* designated as a space where individuals may practice their constitutional rights, including their right to film), and that policies and laws prohibiting filming on government building property are reasonable.

**A.    All Government Building Property**

*Reyes v. City of New York*, U.S. Dist., Southern Dist. of New York, No. 1:23-cv-06369-JGLC, Dkt. 28 (2023) (government building property is either limited public or non public fora, and individuals do not have a right to film from limited or non public fora)

*Confessore v. Hood*, U.S. Dist., East. Dist. of Texas (2023) ("Restrictions on video recording in government buildings are reasonable.")

*Metz v. City of Easley, SC*, U.S. Dist., Dist of. South Carolina, No. 8:23-cv-01159-DCC-KFM, Dkt. 22 (2023) ("The ordinance places reasonable restrictions on recording on city property").

**B.    City Halls**

*Sheets v. City of Punta Gorda*, FLORIDA, 415 F. Supp. 3d 1115 - U.S. Dist. Court, MD Florida 2019 ("City Hall is a limited public forum.") ("The First Amendment does not guarantee access to property just because it is owned by the government.") ("The Ordinance places reasonable restrictions on recording at City Hall given its purpose and context. The purpose of City Hall is to conduct legitimate public business.") ("The Court cannot say a restriction on unconsented recording is unreasonable considering City Hall's purpose and these circumstances.") ("The Government need not wait until havoc is wreaked [on its workplace] to restrict access to a nonpublic forum.")

("When a person refuses to stop recording without consent, that person is a disruption and no longer at City Hall on legitimate City business. If, after being asked to leave, the person refuses, then the Ordinance considers the person to be a trespasser. So the person forfeits any liberty interest in visiting City Hall, and the City can restrict access to City Hall.") ("Despite City Hall being a government building, the public has no constitutional right to visit City Hall under all conditions and at all times. The government can control its property for the use to which it is lawfully dedicated. So it seems equally clear the City can exclude trespassers and people causing disruptions with a geographic- and time-limited trespass warning without violating a protected liberty interest.") ("While City Hall is open to the public, it is open to the public to conduct legitimate City business. And the City may limit the use of the property to ordinary conditions for its intended purpose.") ("Put simply, neither Sheets nor any other person has an absolute right to visit City Hall. So when the City limits the use of City Hall based on a violation of the Ordinance, it is not violating liberty interests.")

*Metz v. City of Easley*, SC, U.S. Dist., Dist of. South Carolina, No. 8:23-cv-01159-DCC-KFM, Dkt. 22 (2023) ("City Hall, the City Hall Annex, and areas designated as work areas (with appropriate signage) are nonpublic forums unless a public meeting is convened and the remaining areas of City Hall and the City Hall Annex are limited public forums.") ("The court will analyze the forum in question as a limited public forum.") ("The ordinance itself appears to be a reasonable and viewpoint neutral restriction on recording at city owned property.") ("The ordinance places reasonable restrictions on recording on city property given its purpose of preventing disruptions to the city rendering public services and engaging in legitimate public business, as well as to protect the legitimate privacy interests of city employees and other citizens in city hall conducting business.") ("For individuals who violate the ordinance, the Mayor or his designees can request that law enforcement issue a trespass notice to the violator.") (court cites *Sheets v. City of Punta Gorda* to support its ruling).

*State of Connecticut v. SeanPaul Reyes* (2023) (a Danbury, CT judge found Sean Reyes a/k/a SeanPaul Reyes a/k/a Long Island Audit guilty of trespassing after Reyes refused to comply with city hall policies and refused to leave; appeal dismissed).

C.  **Police Stations**

*Reyes v. City of New York*, U.S. Dist., Southern Dist. of New York, No. 1:23-cv-06369-JGLC, Dkt. 28 (2023) (government building property is "limited or nonpublic fora," that "prohibiting recording in police precinct lobbies is a limitation on the form or manner of speech," not press, that "prohibiting recording in police precinct lobbies is a reasonable restriction," and that Reyes "has not shown a substantial likelihood of success on the merits with respect to his challenge that the NYPD's policy violates the First Amendment.")

*Hoffman v. Delgado*, U.S. Dist. Court, MD Florida 2023 ("The Police Department is a limited public forum.") ("The Court need look no further than *Sheets v. City of Punta Gorda*.") ("Although *Sheets* addressed restrictions with audio/video recording in public facilities like City Hall, the reasoning equally applies to recording in the Police Department. Recording in the Police Department was not activity protected under the First Amendment.")

*Stout v. Mischou*, U.S. Dist., East. Dist. of Va., No. 1:20-cv-00147-RDA/TCB, Dkt. 18 (2021) (individuals do not have the right to film from police station's outside property, including from the property's sidewalks).

*Commonwealth v. Bradley*, 232 A. 3d 747 - Pa: Superior Court 2020 ("The recording or filming in the Lobby by members of the public is not a protected activity under the First Amendment.") ("The no-filming condition imposed in the Lobby passes constitutional muster.") ("The offense of defiant trespass was not unconstitutional.")

*People v. Stiegler*, 2021 IL App (1st) 200880 - Ill: Appellate Court, 1st Dist., 2nd Div. 2021 (individuals do not have a right to film from police station's restricted areas; trespassing conviction upheld).

**D.    Courthouses**

*Confessore v. Hood*, U.S. Dist. Court, ED Texas 2023 (citing *Rouzan v. Dorta*, No. EDCV 12-1361-BRO (JPR), 2014 WL 1716094, at *12 (C.D. Cal. Mar. 12, 2014)) ("A courthouse's ban on unauthorized video recording was reasonable.")

*US v. Gileno*, 350 F. Supp. 3d 910 - U.S. Dist. Court, CD California 2018 ("Judicial and municipal complexes are not public fora.") ("The camera prohibition was reasonable because the ban served a legitimate security need.)

*Hendricks v. Pierce County*, U.S. Dist. Court, WD Washington 2015 ("A courtroom is a nonpublic forum. Unruly or disruptive audience members may be removed from non-public forums to prevent badgering, interruptions, or disregard for the rules of decorum. The courthouse prohibited photography and recording without prior express judicial permission.") ("By recording an arraignment without prior permission—despite the posting that he was prohibited from doing so—and then arguing with Boyle and Villahermosa about whether he had the right to continue recording, Hendricks plainly and admittedly disregarded the court's rules of decorum.")

*Springer v. Seventh Judicial District Court*, U.S. Dist., Dist. of New Mexico, No. 1:23-cv-00499-MIS-JMR, Dkt. 34 (2023) ("A potential spectator may be excluded from a courtroom on a simple issue of propriety: reasonably unacceptable dress, unruly behavior, efforts

inappropriately to communicate views in the courtroom, possession of personal property banned from the court (e.g., cell phones, cameras, or recording devices), and the like.")

*Bergquist v. Milazzo*, U.S. Dist., Northern District of Illinois, No. 1:18-cv-03619, Dkt. 129 (2021) ("A reasonable officer had probable cause to believe that Plaintiff violated the general administrative order prohibiting filming inside the courthouse, as well as the Illinois statute prohibiting disorderly conduct.")

*Sefick v. Gardner*, 164 F. 3d 370 - Court of Appeals, 7th Circuit 1998 ("The lobby of the courthouse is not a traditional public forum or a designated public forum. It is a nonpublic forum, which government may reserve . . . for its intended purposes.")

E.   **Post Offices**

*State of Connecticut v. SeanPaul Reyes*, Super. Court, Dist. of Waterbury, Case No. U04W-CR21-0495162-S (March 30, 2022) (local and state police have jurisdiction to enforce local and state laws, including trespassing laws, on postal property acquired after 1940).

*People v. Wigginton*, 17th Judicial Dist., Circuit Court, Case No. 2021CM81 (On March 3, 2023, a Boone County, IL judge found Richard Wigginton a/k/a 'NGO Publications' guilty of trespassing, disorderly conduct, and two counts of resisting an officer, for filming in a Post Office and refusing to leave).

*Wigginton v. State of Illinois*, U.S. Dist., Northern Dist. IL., No. 3:2022cv50361, Dkt. 6 (2022) (local and state police have jurisdiction to enforce local and state laws on postal property acquired after 1940; district attorneys have jurisdiction to prosecute individuals for crimes committed on postal property acquired after 1940).

*Wigginton v. United States Postal Service*, U.S. Dist., Northern Dist. IL., No. 3:2022cv50440, Dkt. 7 (2023) (local and state police have jurisdiction to enforce local and state laws on postal property acquired after 1940; district attorneys have jurisdiction to prosecute individuals for crimes committed on postal property acquired after 1940).

*Moore v. United States Postal Service*, U.S. Dist. Court, ND New York 2005 ("The interior of the…Post Office is a non-public forum.")

F.   **Polling Sites**

*Silberberg v. Bd. of Elections of New York*, 272 F. Supp. 3d 454 - U.S. Dist. Court, SD New York 2017 ("Polling sites are non-public fora.") ("The no photography policy is a reasonable

regulation that is closely related to ensuring order at polling sites.") ("Photography is not permitted in polling sites. This is the case regardless of what is being photographed.") ("The City Board's no photography policy does not contravene the First Amendment. Polling sites are non-public fora and the policy is a reasonable, viewpoint-neutral restriction to maintain order at polling sites and decrease wait times.") ("The City Board's no photography policy is thus consistent with the First Amendment regardless of what type of forum polling sites are considered.")

("Even if polling sites or ballots were considered limited public fora, the result would be the same, as posting photographs of marked ballots to social media is outside the limited category of speech for which the forum has been opened.") ("Even if polling sites were traditional public fora, the statute would still pass muster.")

### G.   Social Security Administration Buildings

*United States v. Cordova*, U.S. Dist., Dist. of CO, Case No. 22-po-07015-MEH, Dkt. 16 (2023) (individuals do not have a right to film in the SSA lobby, only in the vestibule between the lobby and the entrance to the building).

### H.   Libraries

*Kreimer v. Bureau of Police for Morrison Township*, 958 F. 2d 1242 - Court of Appeals, 3rd Circuit 1992 ("A library is a place dedicated to quiet, to knowledge, and to beauty. Its very purpose is to aid in the acquisition of knowledge through reading, writing and quiet contemplation. Thus, the exercise of other oral and interactive First Amendment activities is antithetical to the nature of the Library. These arguably conflicting characteristics, at least in a First Amendment sense, support our conclusion that the Library constitutes a limited public forum.") ("Hence, as a limited public forum, the Library is obligated only to permit the public to exercise rights that are consistent with the nature of the Library and consistent with the government's intent in designating the Library as a public forum. Other activities need not be tolerated.")

*Reyes v. Danbury*, U.S. Dist., Dist. for Connecticut, No. 3:2021cv01235-AVC, Dkt. 6 (2022) (lawsuit claiming that individuals have a right to film in library dismissed).

### I.   Jails and Prisons

*Kerr v. City of Boulder*, Civil Action No. 19-cv-01724-KLM (D. Colo. Jun. 18, 2021) ("The Jail property is not a traditional public forum for purposes of First Amendment analysis.") ("*Even if* Plaintiffs had a First Amendment right to film Jail property while *on* Jail property, the Court

finds that the individual Defendants are entitled to qualified immunity because, as of December 28, 2018, Plaintiffs did not have a clearly established First Amendment right to film on Jail property, as a non-traditional public forum. None of the cases cited by Plaintiffs as purportedly showing a clearly established right to film involves a non-traditional public forum, whether a jail or otherwise. They all involve traditional public fora like streets, sidewalks, and similar public spaces.) ("Plaintiffs did not have a constitutionally protected right to film on Jail property.")

### J.     Airports

*International Soc. for Krishna Consciousness, Inc. v. Lee*, 505 US 672 - Supreme Court 1992 ("Airports are among those publicly owned facilities that could be closed to all except those who have legitimate business there. Public access to airports is thus not inherent in the open nature of the locations, as it is for most streets and parks, but is rather a matter of grace by government officials.")