UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEANPAUL REYES | : | CIVIL NO. 3:24-CV-1174 (MPS) |
| V. | : | |
| LAVOIE, ET AL. | : | MAY 8, 2025 |

## DEFENDANTS' MOTION FOR PROTECTIVE ORDER

The Defendants, LaVoie, Fahey, and Costello, respectfully move for a Protective Order governing the parties use and possession of the audiovisual recordings, digital transcripts, and paper transcripts of any and all depositions taken in this matter. The proposed Protective Order is attached hereto as Exhibit A. Plaintiff's counsel has indicated that he has no objection to the attached proposed Protective Order, other than one sentence of that proposed Order as further set forth herein.

### I.     Relevant Background

Counsel has worked amicably to schedule depositions in this matter and with the current extension of discovery until August 1, 2025, the Defendants' depositions will be held in the coming months. On April 10, 2025, the parties met telephonically to discuss whether the parties could agree to a Protective Order regarding the video deposition recordings and transcripts. Following the call, undersigned counsel sent the proposed Protective Order, which is attached hereto as Exhibit A, to Plaintiff's counsel for his review. On April 17, 2025, Plaintiff's counsel sent back his edits and agreed with the entirety of the proposed Protective Order except for a single edit to add the following sentencing prior to Paragraph 1: "The parties agree to the following protective order during the pendency of his matter."

1

Undersigned counsel responded that we could not agree with this addition, and further noted that Plaintiff's counsel's proposed addition/edit was unnecessary and was already covered by Paragraphs 7 and 8 of the proposed Protective Order, which permits "[a]ny party [to] seek a modification of this Protective Order based upon a showing of good cause . . . ." For further context, in addition to Plaintiff's counsel's edit being unnecessary and already covered in the proposed Protective Order, the undersigned counsel have reason to believe and anticipate that Plaintiff is intending to use, post online, and/or disseminate the video recordings of the Defendants' depositions during and after the pendency of this matter. Indeed, not only is Plaintiff a public figure whose social media accounts reach approximately 1.5 million subscribers, but he also, as recently as April 22, 2025, posted videos online concerning the Defendants' depositions in this matter, including the fact that they will be recorded and shared in some nature. The instant motion follows.

## II.      Legal Standard & Discussion

Rule 26(c)(1) of the Federal Rules of Civil Procedure provides, in part, that with respect to discovery "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense …" The denial or issuance of a protective order "is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d Cir. 1992). "The trial court is in the best position to weigh fairly the competing needs and interests of parties affected by discovery." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Local Rule of Civil Procedure 30 further states that "Depositions on oral examination or on written interrogatories are deemed to

constitute private proceedings which the public not entitled to attend." D. Conn. L. Civ. R. 30(a).

"[I]t is important to note that parties to civil litigation do not have a First Amendment or common law right to disseminate, in advance of trial, information gained through the pretrial discovery process." *Margiotta v. City of Gloversville*, No. 6:07-CV-0560 (DNH/GHL), 2008 U.S. Dist. LEXIS 133928, at *4 (N.D.N.Y. Aug. 11, 2008) (citing *Seattle Times Co* at 23.)). Materials obtained throughout discovery are not judicial documents and do not enjoy a presumption of public access. *See* Fed. R. Civ. Pro. 5(d); *see also SEC v. TheStreet.com*, 273 F.3d 222, 231 n.9 (2d Cir. 2001). Additionally, there is no provision of the Federal Rules which provides any basis for public dissemination of discovery materials.

As this Court previously explained, "the 'sole purpose' of the Federal Rules' liberalizing pretrial discovery [is] to 'assist[] in the preparation and trial, or the settlement, of litigated disputes.'" *Haidon v. Town of Bloomfield*, No. 3:19-cv-119 (SRU), 2021 U.S. Dist. LEXIS 137498, at *4 (D. Conn. July 23, 2021) (citing *see also Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)). In *Haidon,* the Court noted that "no source of law or authority creates a presumptive right of public access to pretrial discovery materials, such as deposition transcripts or recordings" and, in accordance with well-established caselaw, held that video deposition transcripts are not judicial documents and there is no presumption of public access to such transcripts. *Id.* at *15-16. "When the materials in question are deemed non judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order." *Id.* at *4.

Good cause exists to issue an order prohibiting public dissemination of any audiovisual recordings, digital transcripts, and paper transcripts of any and all depositions in this matter. Public dissemination "has significant potential for abuse." *Seattle Times Co.* at 33. "Without an ability to restrict public dissemination of certain discovery materials that are never introduced at trial, litigants would be subject to needless 'annoyance, embarrassment, oppression or undue burden or expense.'" *The TheStreet.com*, 273 F.3d at 229. "By its terms, Rule 26(c) provides for protection from, *inter alia*, 'annoyance' and 'embarrassment.'" *Margiotta v. City of Gloversville*, No. 6:07-CV-0560 (DNH/GHL), 2008 U.S. Dist. LEXIS 133928, at *6 (N.D.N.Y. Aug. 11, 2008). Further, "Rule (26(c)'s 'good cause' standard [is] a low hurdle to clear when the applicant seeks a modest protective order limiting the use of deposition transcripts and recordings to litigation of the instant case." *Haidon*, 2021 U.S. Dist. LEXIS 137498, at *16.

Here, the Defendants are Connecticut State Police Troopers, who have already been subject to death and other threats related to this underlying action. Any public release of audiovisual recordings, digital transcripts, and paper transcripts of any and all depositions in this action will cause significant "annoyance, embarrassment, oppression, or undue burden or expense" for the Defendants. Fed. R. Civ. P. 26(c); *see also Seattle Times co.*, 467 U.S. at 33 ("discovery also may seriously implicate privacy interests of litigants and third parties…[it provides] an opportunity... for litigants to obtain—incidentally or purposefully—information that not only is irrelevant but if publicly released could be damaging to reputation and privacy"). Additionally, Plaintiff is a public figure whose social media accounts reach approximately 1.5 million subscribers, and as noted above, has posted on his social media accounts as recently as within the past month concerning this

4

case and the depositions of the Defendants, including the fact that those depositions would be video recorded with his intent to share with his followers.

The fact that these depositions will be recorded by audiovisual means enhances the likelihood that their dissemination may be harmful to the Defendants and impair judicial economy. "[V]ideos can more easily be abused as they can be cut and spliced and used as 'sound-bites' on the evening news or sports shows." *See Int'l Brotherhood of Elec. Workers v. Am. Totalisator Co.*, 529 F. Supp. 419, 421 (D. Md. 1982). Such dissemination may result in the parties spending time and resources addressing further media attention to this matter. *Id.* Such dissemination may also impact or influence potential jurors and poison the potential jury pool in this case, impacting the parties' right to a fair trial. See *Id.; see, e.g.,* I*n re Application of Dow Jones & Co.,* 842 F.2d 603, 611 (2d Cir. 1988). Moreover, once the videos are posted online or disseminated, there is no way for the parties or the Court to undo such an action and those videos will be available for the public to view, edit, and disseminate without any further recourse for the parties.

Here, ultimately, there is no public interest in obtaining the audiovisual recordings, digital transcripts, and paper transcripts of any and all depositions. Dissemination of such in this matter is likely to lead to annoyance, embarrassment, and oppression. For these reasons, this Court should grant the Defendants' motion for protective order regarding public dissemination of the audiovisual recordings, digital transcripts, and paper transcripts of any and all depositions, including the Plaintiff, should be prohibited from publicly disseminating such video recordings and transcripts. *See, e.g., Sander v. Visneau et al*., 3:20-CV-00250 (SALM), at ECF #40 (D. Conn. August 17, 2021); *Haidon*, 2021 U.S. Dist. LEXIS 137498, at *19 (issuing such an order where defendants were law

enforcement personnel and met the "low burden" to establish good cause); *Margiotta*, 2008 U.S. Dist. LEXIS 133928, at *10; *Schoolcraft v. City of N.Y.*, No. 10 Civ. 6005 (RWS), 2013 U.S. Dist. LEXIS 121948, 2013 WL 4534913, at *4 (S.D.N.Y. Aug. 24, 2013); *Barket v. Clark*, No. 2:12-cv-00393-JCM-GWF, 2013 U.S. Dist. LEXIS 24365, 2013 WL 647507, at *4 (D. Nev. Feb. 21, 2013); *Stern v. Cosby*, 529 F. Supp. 2d 417, 421-23 (S.D.N.Y. Dec. 12, 2007).

Finally, the undersigned note that Plaintiff's counsel has no objection to the proposed Protective Order, other than a single edit to add the following sentencing prior to Paragraph 1: "The parties agree to the following protective order during the pendency of his matter." As previously stated, the undersigned believe that Plaintiff's proposed edit is unnecessary, and if Plaintiff would like to be relieved of the requirements of the Protective Order for any reasons during or at the end of this litigation, he may move for such relief or modification pursuant to Paragraphs 7 and 8 of the proposed Protective Order. This process would also protect the Defendants' interest in ensuring that any video recordings or transcripts are not disseminated for any improper purpose, while also providing an avenue for Plaintiff to seek a reasonable modification of the Protective Order if necessary.

WHEREFORE, it is respectfully requested that the Defendants' Motion for Protective order be granted and the proposed Protective Order attached hereto as Exhibit A be entered in this action.

DEFENDANTS,
LAVOIE, ET AL.

WILLIAM TONG
ATTORNEY GENERAL

BY:      /s/ *Edward D. Rowley*
Edward D. Rowley (#ct 30701)
Assistant Attorney General
165 Capitol Avenue
Hartford, CT 06106
Tel: (860) 808-5450
Fax: (860) 808-5591
E-Mail: edward.rowley@ct.gov

BY: */s/ Samantha Wong*
Samantha Wong
Assistant Attorney General
165 Capitol Ave
Hartford, CT 06106
Federal Bar #ct30974
E-Mail: samantha.wong@ct.gov
Tel: (860) 808-5450
Fax: (860) 808-5591

## CERTIFICATION

I hereby certify that on February 3, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

     /s/ *Samantha Wong*
Samantha Wong
Assistant Attorney General