UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEANPAUL REYES | : | CIVIL NO. 3:24-CV-1174 (MPS) |
| V. | : | |
| LAVOIE, ET AL. | : | October 1, 2025 |

**PLAINTIFF'S CONSENT MOTION TO STAY PROCEEDINGS**

Plaintiff, SeanPaul Reyes with the consent of the Defendants, LaVoie and Fahey, respectfully moves to stay proceedings in this case until 30 days after final disposition of the pending state court criminal cases against Plaintiff Reyes and Defendant Fahey. Upon the conclusion of the criminal cases, the Plaintiff intends to take the deposition of Defendants Fahey and LaVoie, and the Defendants intend to file a motion for summary judgment.

**I.     PROCEDURAL BACKGROUND**

On April 24, 2025, the parties jointly moved for an extension of time to complete discovery by August 1, 2025, which was promptly granted by this Court. (ECF #35-36). On June 30, 2025, the parties moved jointly for a second extension of time to complete discovery by October 1, 2025, which was granted. (ECF #43-44). The parties continued to work amicably to schedule the two remaining depositions for late summer. On July 11, 2025, Plaintiff was arrested at Defendant Fahey's personal residence and charged with three counts: (1) criminal trespass in the first degree, (2) voyeurism with malice, and (3) breach of peace in the second degree.[1] Defendant Fahey, his personal residence, and

---

[1] This Court can take judicia notice of *State v. SeanPaul Reyes,* Docket No. K1K-CR25-0383862-S, publicly available at: jud2.ct.gov/crdockets/CaseDetail.aspx?source=Pending&Key=5cdfb877-14a2-4a56-bb04-e9b7b4db7f1c. The incident has also garnered media coverage. *See* YouTube activist pleads not guilty on charges related to encounter with armed CT state trooper.

1

his family are listed as the complainant and/or victims in Plaintiff's pending state court criminal matter. On August 29, 2025, Defendant Fahey was arrested and charged with disorderly conduct. Both criminal matters remain pending.

Plaintiff, with consent of the Defendants, now moves to stay this matter, including discovery and the dispositive motion deadline, while the state court criminal cases proceeds as more fully discussed below.

## II. ARGUMENT

### A. Legal Standard

Federal Rule of Civil Procedure 26(c) governs this Motion. Rule 26(c) grants this Court broad authority "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including the authority to issue orders "forbidding . . . disclosure or discovery," "specifying terms, including time and place or the allocation of expenses, for . . . discovery," and "forbidding inquiry into certain matters, or limiting the scope of . . . discovery to certain matters." Fed. R. Civ. P. 26(c)(1), (c)(1)(A), (c)(1)(B) & (c)(1)(D).

This Court's broad authority under Rule 26(c) includes the authority to stay the Rule 26(f) requirements and discovery. *See Hicks v. City of N.Y.*, 268 F. Supp. 2d 238, 241 (E.D.N.Y. 2003) ("Courts routinely stay civil proceeding, postpone civil discovery, and impose protective orders to manage their cases."). "However, imposing a stay is a drastic remedy." *Okoli v. Cnty of Nassau*, No. 15-cv-0701(JS)(SIL), 2015 U.S. Dist. LEXIS 164608 at *3 (E.D.N.Y. Dec. 7, 2015) (Citation and internal quotation marks omitted).

A Court will consider the following factors when deciding whether to impose a stay on the civil matter pending the conclusion of a party's criminal proceeding:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the criminal case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously; (4) the private interests of, and the burden on, the defendants; (5) the interests of the courts and the public.

*Crawford & Sons v. Besser*, 298 F. Supp. 2d 317, 319 (E.D.N.Y. 2004).

### B. A Stay is Warranted Pending The Criminal Case Dispositions.

First, while the issues in the criminal proceedings do not directly overlap with those in the present action, there are several relevant issues that might overlap, including but not limited to, the parties' motive, intent, and damages. Of note, Plaintiff's criminal matter arises out of the underlying federal suit after Plaintiff's initial interactions with Defendant Fahey and subsequent information he wanted to confront the Defendant about regarding his employment with the Connecticut State Police.

Second, factors three, four, and five weigh in favor of a stay. The parties agree that a stay would be in the best interest for the parties and the Court. While the parties would like to litigate the civil mater expeditiously, there are significant fifth amendment considerations, as well as no contact orders in place that could impede the ongoing discovery and litigation of this matter. In the interest of the parties, the courts, and the public it would be reasonable to issue a stay in this matter while the concurrent criminal proceedings continue and both parties' constitutional rights are protected in both venues.

### III. CONCLUSION

For the foregoing reasons, the Plaintiff ask this Court to exercise its discretion to stay the Rule 26 requirements until 30 days after the disposition of the criminal cases,

after which the Plaintiff will take two depositions and the Defendant will file a motion for summary judgment.

Respectfully submitted,

PLAINTIFF,

SeanPaul Reyes

/s/Alexander T. Taubes ct 30100

470 James St., Ste 007, New Haven, CT 06513

alextt@gmail.com

(203) 909-0048